CENTRAL PURCHASING ACT — REAL ESTATE LEASES Real estate leases are not included within the scope of the Oklahoma Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1971), et seq. However, 74 O.S. 94 [74-94] (1971) generally empowers the State Board of Public Affairs with full and complete authority to designate quarters for each and every department of the State, and to determine the allotment of space. Implicit in such grant of authority is the power to enter into, and execute real estate leases for the Oklahoma Employment Security Commission. If conflicts arise between the State Board of Public Affairs and the Commission with respect to federal regulations and guidelines imposed on the Commission, the resolution of such conflicts would be governed by Article VI, Clause 2
of the United States Constitution, which directs that the laws of the United States shall be supreme where state and local laws conflict or disagree. Title 74 O.S. 85.23 [74-85.23] (1975) refers to contracts of the State for payment pursuant to a contract for goods or services, and 74 O.S. 3109 [74-3109] (1975) specifically refers to invoices submitted to the State for work, service or materials if payment is Three Hundred Dollars ($300.00) or more. Such provisions do not apply to real estate lease contracts within the context of your question. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Whether the Oklahoma Employment Security Commission is subject to the provisions of the Oklahoma Central Purchasing Act when the Commission enters into, and executes real estate leases? 2. Whether the provisions of the non-collusion affidavits as set forth in 74 O.S. 85.23 [74-85.23] (1975), and 74 O.S. 3109 [74-3109] (1975), apply to real estate lease contracts of the Oklahoma Employment Security Commission? In response to your first question the Oklahoma Central Purchasing Act, found at 74 O.S. 85.1 [74-85.1] (1971), et seq. became effective on July 1, 1959, and required all purchases by any state agency, department or institution to be under the direction of the Purchasing Division, except such acquisitions as are specifically excluded by the Oklahoma Central Purchasing Act. Section 74 O.S. 85.4 [74-85.4] provides (insofar as relevant to your question) that: "From and after the effective date of this act, except as provided in Section 85.12 of this title, every state agency shall acquire all contractual services, supplies, equipment or materials used, consumed or spent by such agency in the performance of its official functions by the presentation of requisitions for such services, supplies, materials or equipment to the Purchasing Division established hereunder and no such items or service shall be acquired by any state agency for such use except by the presentation of such requisition and receipt of the items of service so requisitioned through the Purchasing Division. Provided, that the provisions of this act shall not preclude the acceptance of gifts and donations in the manner now authorized by law or the purchase of any equipment, materials, supplies or services by any state agency acting for itself and without presentation of a requisition when such acquisition is authorized in writing by the State Purchasing Director; and. . . ." These provisions requiring all state agencies to comply with the Act except that which is excluded by Section 74 O.S. 85.12 [74-85.12] is clear and Section 85.12 was clear in its exceptions that the following were not included within the purview of this Act: "4. Acquisitions by agencies out of funds derived from sources other than state collected funds." The Oklahoma Employment Security Commission is a state agency created pursuant to the provisions of 40 O.S. 211 [40-211] (1971) and, as you point out in your request, receives no monies from state-collected funds, which has been construed to include funds collected under the taxing power of the State. Baker v. Carter, 165 Okl. 116, 25 P.2d 247; Sheldon v. Grand River Dam Authority, 182 Okl. 24, 76 P.2d 355. Section 74 O.S. 85.12 [74-85.12] was amended by Laws 1974, Ch. 295, and the provision relating to acquisitions by agencies out of funds derived from sources other than state-collected funds was deleted as an exception to the Act. Thus, it is apparent that by the deletion of the exception, the Legislature intended inclusion of funds derived from sources other than state-collected funds. Subsection 3 of Section 85.2 states, in part, as follows: "The term 'acquisition' shall include all types of purchases and rentals, whether bought or leased by contract or otherwise, and include every means by which a state agency obtains for its use any materials, supplies, services or equipment covered by this act, except those specifically excluded in this act;" (Emphasis added) While real estate leases do not fall within any of the acquisitions excluded from operation of the Central Purchasing Act by 74 O.S. 85.12 [74-85.12] (1975), it is clear that the terms materials, supplies, services or equipment as contemplated by the provisions of this Act do not include real estate leases, and therefore such leases are not governed by the provisions of this Act. Title 74 O.S. 94 [74-94] (1971), however, generally empowers the State Board of Public Affairs with full and complete authority to designate quarters for each and every department of the State, and to determine what space shall be allotted. This general grant of authority would appear to control the question of entering into and execution of real estate leases in absence of any specific authority to the contrary. In your communication with this office you indicated that with respect to the real estate leases, there were certain federal regulations and guidelines to be followed as a condition precedent to receiving federal funds for operation and conflicts have occurred relative to standard forms used by the State Board of Affairs. In the event any such conflicts occur between the State Board of Affairs and the Employment Security Commission, the resolution of the conflicts would be governed by Article VI, Clause 2 of the United States Constitution, which directs that the Constitution, the treaties, and the laws of the United States shall be supreme and obeyed instead of state and local laws, whenever the laws disagree. See Gibbons v. Ogden, 9 Wheat. 1, 6 L.Ed.2d 23 (1824); McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579 (1819). In answer to your second question regarding the applicability of 74 O.S. 85.23 [74-85.23] (1975), and 74 O.S. 3109 [74-3109] (1975), to real estate leases, Section 85.23 provides materially as follows: "Attached to each contract awarded by the state and each claim submitted to the state for payment pursuant to a contract for goods or services shall be a notarized sworn statement in substantially the following form. . . ." Section 74 O.S. 3109 [74-3109] provides: "On every invoice submitted to the state, any county or local subdivision of the state, for payment to an architect, contractor, engineer or supplier of material of Three Hundred Dollars ($300.00) or more shall be the following signed and notarized statement: . . . ." Thus, it is clear that Section 74 O.S. 85.23 [74-85.23] refers to contracts of the State for payment pursuant to a contract for goods or services, and Section 3109 specifically refers to invoices submitted to the State for work, services or materials if payment is Three Hundred Dollars ($300.00) or more. The two provisions have no application to real estate leases. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: Real estate leases are not included within the scope of the Oklahoma Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1971), et seq. However, 74 O.S. 94 [74-94] (1971) generally empowers the State Board of Public Affairs with full and complete authority to designate quarters for each and every department of the State, and to determine the allotment of space. Implicit in such grant of authority is the power to enter into, and execute real estate leases for the Oklahoma Employment Security Commission. If conflicts arise between the State Board of Public Affairs and the Commission with respect to federal regulations and guidelines imposed on the Commission, the resolution of such conflicts would be governed by Article VI, Clause 2
of the United States Constitution, which directs that the laws of the United States shall be supreme where state and local laws conflict or disagree. It is further the opinion of the Attorney General that your second question be answered in the negative. Title 74 O.S. 85.23 [74-85.23] (1975) refers to contracts of the State for payment pursuant to a contract for goods or services, and 74 O.S. 3109 [74-3109] (1975) specifically refers to invoices submitted to the State for work, service or materials if payment is Three Hundred Dollars ($300.00) or more. Such provisions do not apply to real estate lease contracts within the context of your question. (Nathan J. Gigger) ** SEE: OPINION NO. 79-004 (1979) **